**JOHN L. BURRIS, Esq., SBN 69888**
**ADANTE D. POINTER, Esq., SBN 236229**
**DEWITT LACY, Esq., SBN 258789**
**MELISSA NOLD, Esq., SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, California 94621
Telephone:      (510) 839-5200
Facsimile:      (510) 839-3882
John.Burris@johnburrislaw.com
Adante.Pointer@johnburrislaw.com
Melissa.Nold@johnburrislaw.com
Dewitt.Lacy@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDELIA DEL CARMEN MAY CAN, an individual, ROSANA GUADALUPE GONGORA MAY, an individual, LUIS RODOLFO GONOGRA MAY, an individual, ANGEL DE JESUS MAY, an individual, as individuals and co-successors-in-interest to Decedent LUIS DEMETRIO GONGORA PAT, <br><br> Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; MICHAEL MELLONE, individually and in his capacity as a City of San Francisco Police Officer; NATE SEGER, individually and in his capacity as a City of San Francisco Police Sergeant; and DOES 1-50, inclusive. <br><br> Defendants. | Case No.: <br><br> <u>COMPLAINT FOR DAMAGES</u> (42 U.S.C § 1983) <br><br> <u>JURY TRIAL DEMANDED</u> |

**INTRODUCTION**

1.     This civil rights and wrongful death action arises out of the April 7, 2016 unlawful killing of Mayan immigrant Mr. Luis Demetrio Góngora Pat by City of San Francisco Police Officer Michael Mellone and Sergeant Nate Steger.  The two Officers shot and killed Mr. Góngora within 30 seconds of confronting him while he was peacefully sitting against a wall on the 400 block of Shotwell Street.  In the aftermath of the shooting, Police claimed Mr. Góngora charged and lunged at them with a knife.  However, several eyewitnesses, video tape of the incident and the physical evidence tell a much different story that contradicts the Officers' version of events.  Specifically, many of the less lethal bean bag rounds and several of the bullets that struck Mr. Góngora hit him in the back and on the right side of his body indicating he was not facing the Officers when they opened fire.  In addition, surveillance video captured the Officers pointing their guns down toward the ground as they repeatedly fired their guns at Mr. Góngora.  The onslaught left him riddled with bullets in his forehead, back, right arm and chest while leaving his wife a widow and his three kids fatherless.

**JURISDICTION**

2.     This action arises under Title 42 of the United States Code, Section 1983. The unlawful acts and practices alleged herein occurred in the City and County of San Francisco, California, which is within this judicial district. Title 28 United State Code Section 1391 (b) confers venue upon this Court.

**PARTIES**

3.     Decedent, LUIS DEMETRIO GONGORA PAT, was an individual residing in SAN FRANCISCO, CALIFORNIA at the time of his death. Decedent has one surviving wife and three surviving, adult children currently residing in Teabo, Mexico.

4.     Plaintiff, FIDELIA DEL CARMEN MAY CAN, sues in her individual capacity as Decedent's wife and in a representative capacity as co-successor-in-interest to Decedent pursuant to California Code of Civil Procedure Sections 377.30 and 377.60.

5.     Plaintiff, ROSANA GUADALUPE GONGORA MAY, sues in her individual capacity as Decedent's daughter and in a representative capacity as co-successor-in-interest to Decedent pursuant to California Code of Civil Procedure Sections 377.30 and 377.60.

6.    Plaintiff, LUIS RODOLFO GONGORA MAY, sues in his individual capacity as Decedent's son and in a representative capacity as co-successor-in-interest to Decedent pursuant to California Code of Civil Procedure Sections 377.30 and 377.60.

7.    Plaintiff, ANGEL DE JESUS MAY, sues in his individual capacity as Decedent's son and in a representative capacity as co-successor-in-interest to Decedent pursuant to California Code of Civil Procedure Sections 377.30 and 377.60.

8.    Defendant CITY AND COUNTY OF SAN FRANCISCO ("hereinafter Defendant") is and at all times herein mentioned is a municipal entity duly organized and existing under the laws of the State of California that manages and operates the CITY OF SAN FRANCISCO POLICE DEPARTMENT.

9.    Defendant, NATE SEGER, was and at all times mentioned herein is a police officer for the City of San Francisco, and is sued in his individual and official capacity.

10.    Defendant, MICHAEL MELLONE, was and at all times mentioned herein is a police officer for the City of San Francisco, and is sued in his individual and official capacity.

11.    Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiffs will ask leave to amend this complaint subject to further discovery.

12.    In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the City and County of San Francisco.

13.    In doing the acts and/or omissions alleged herein, Defendants, and each of them,

acted under color of authority and/or under color of law.

14.     Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

15.     The parties timely filed a Government Tort Claim with the City and County of San Francisco.  The City and County of San Francisco rejected the claim.

## STATEMENT OF FACTS

16.     On April 8, 2016, at approximately 10:00 a.m., Decedent Luis Góngora Pat was sitting on the ground, on the 400 block of Shotwell Street, in San Francisco, California.

17.     City of San Francisco Police Sgt. Nate Steger, Officer Michael Mellone and a third yet-to- be-identifed Officer arrived on the 400 block of Shotwell after someone reported a man with a knife. The three Officers parked their cars in the middle of the street and rapidly approached Mr. Góngora, who was sitting on the ground, by himself, leaning against the exterior wall of a building and minding his own business. There were no civilians in Mr. Góngora's vicinity and Mr. Góngora was not threatening or harming anyone. While Mr. Góngora is reported to have had a knife on his person for safety reasons; as is common among the homeless population, he was not wanted for any crime and was not a threat to himself or anyone else.

18.     Mr. Góngora spoke Mayan and only understood a limited amount of English and Spanish. Despite the Officers' claims they gave Mr. Góngora orders to "get on the ground" in both English and Spanish, on the video tape capturing the incident, the Officers can ony be heard giving orders in English. Witnesses recount Mr. Góngora remained crouched down on the ground with his head down, cowering in fear, unable to understand what the Officers were shouting.

19.     The Officers quickly closed in on Mr. Góngora, abandoning all recommended de-escalation tactics and failing to maintain adequate distance and space to properly assess the situation and avoid unnecessary force. While Mr. Góngora was sitting on the ground, one of the Officers came up to him and began rapidly discharging a rubber projectile shotgun, striking Mr. Góngora multiple times in the side and back area. After the officers began using force against

Mr. Góngora they did not provide any additional commands or give Mr. Góngora the opportunity to comply with their initial orders. Mr. Góngora was injured from multiple rubber projectiles and tried to move away from his attacker, when a second officer began to shoot him with live ammunition. The two Officers were simultaneously pelting Mr. Góngora with lethal and non-lethal rounds from both sides, as he attempted to escape with his lfe.

20.     The Officer who initially started shooting Mr. Góngora with rubber bullets transitioned to his handgun and began shooting the wounded man with live rounds. In a shocking visual image, the officer can be seen shooting down at the wounded man, with a handgun in one hand and a shotgun in the other, in a scene that is reminiscent of a gangster movie. The double fisted shooter can be seen on video shooting down at Mr. Góngora, who received bullet wounds to the top of his head and another down into his back, in addition to gunshots to both arms and his abdomen.

21.     In less than 30 seconds of arriving on scene, Mr. Góngora had been hit with five (5) rubber projectiles and six (6) live rounds. Tellingly, a third officer was present on scene and did not even unholster his weapon or engage in any force whatsoever. Mr. Góngora died as a result of multiple gunshot wounds, leaving behind three adult children, a wife and an outraged community.

## DAMAGES

22.     As a proximate result of Defendants' conduct, Plaintiffs were mentally and emotionally injured and a damaged, including but not limited to Plaintiffs' loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support as a consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. § 1983 and the Fourteenth Amendment.

23.     Plaintiffs as co-successors-in-interest to Decedent, LUIS DEMETRIO GONGORA PAT, are entitled to recover damages pursuant to the Decedent's right of survivorship for the pain and suffering Decedent endured as a result of the violation of Decedent's civil rights.

24.     Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiffs under the law. Plaintiffs are entitled to an award of reasonable attorney's fees and/or costs pursuant to statute(s) in the event that Plaintiffs are the prevailing parties in this action under 42 U.S.C. Sections 1983, 1985, 1986, and 1988.

25.     The conduct of the Defendant Police Officers was malicious, wanton, and oppressive.  Plaintiffs are therefore entitled to an award of punitive damages against said Defendant Officers.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment – Unlawful Seizure under 42 U.S.C. Section 1983)**
(All Plaintiffs as Co-Successors-in-Interest to Decedent Luis Demetrio Góngora Pat v. Defendants Seger, Mellone and Does 1-25*)*

26.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 25 of this complaint.

27.     At the time Defendant Officers seized Decedent, the Officers did not have reasonable suspicion nor probable cause to justify a seizure. Defendant Officers began shooting Decedent almost immediately after yelling orders in a language Decedent has no proficiency. Decedent was forced to endure conscious pain and suffering from the less lethal rounds and deadly wounds caused by Defendant Officers' conduct. Officers shot and killed Decedent in violation of Decedent's right to be secure in his person against unreasonable searches and seizures as guaranteed to Mr. Góngora under the Fourth Amendment to the United States Constitution.

28.     As a result of their misconduct, each of the Defendant Officers is liable for Plaintiffs' injuries, either because they were an integral participant in, or failed to intervene in, the conduct described above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
*(*All Plaintiffs as Co-Successors-in-Interest to Decedent Luis Demetrio Góngora Pat v.
Defendants Seger, Mellone and Does 1-25*)*

29.     Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 28 of this Complaint.

30.     When the Defendant Officers unlawfully shot and killed Decedent without being in object fear for theirs or another's life, they deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution. The Defendant Officers' actions were excessive and unreasonable, especially because Officers did not allow Decedent any time to comply with their verbal orders, or give those verbal orders in a language that Decedent could understand. Decedent was forced to endure conscious pain and suffering from the deadly wounds caused by Defendant Officers' conduct.  Instead, Officers shot Decedent without cause and none of the officers intervened, which violated their training and Mr. Gongora's constitutional rights under the Fourth Amendment.

31.     As a result of their misconduct, each of the Defendant Officers is liable for Decedent's injuries, either because they were an integral participant in, or failed to intervene in, the conduct described above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Fourteenth Amendment – Violations of Plaintiffs'**
**Right to Familial Relationship under 42 U.S.C. Section 1983)**
(All Plaintiffs as individuals v. Defendants Seger, Mellone and Does 1-25)

32.     Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 31 of this Complaint.

33.     Defendants acting under color of state law, and without due process of law, deprived Plaintiffs of their right to a familial relationship by seizing Decedent by use of unreasonable and unjustifiable deadly force causing injuries that resulted in Decedent's death in violations of their rights secured by the Fourteenth Amendment to the United States

Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Municipal Liability for Unconstitutional Custom or Policy (Monell)–42 U.S.C. section 1983)**
(All Plaintiffs as Co-Successors-in-Interest to Decedent Luis Demetrio Góngora Pat v. Defendant City and County of San Francisco and Does 26-50)

34.     Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1-33 of this complaint.

35.     Plaintiffs are informed and believe and thereon allege that high ranking CITY AND COUNTY OF SAN FRANCISCO officials, including Defendants, and DOES 1-50, and/or each of them, knew and/or reasonably should have known about acts of misconduct by Defendants, and DOES 1-50, and/or each of them.

36.     Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants, and DOES 1-50,, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

37.     Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants, and DOES 1-50, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Plaintiffs' rights as alleged herein.

38.     As against Defendant CITY AND COUNTY OF SAN FRANCISCO, Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY AND COUNTY OF SAN FRANCISCO, Plaintiffs further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY OF SAN FRANCISCO POLICE DEPARTMENT tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

39.     Plaintiffs are informed and believe and thereon allege that the acts and omissions

alleged herein are the direct and proximate result of the deliberate indifference of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY AND COUNTY OF SAN FRANCISCO, and each of them, to repeated acts of misconduct, which were tacitly authorized, encouraged or condoned by the Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY AND COUNTY OF SAN FRANCISCO, and each of them.

40.     The injuries and damages to Plaintiffs as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY AND COUNTY OF SAN FRANCISCO, and each of them.

41.     Plaintiffs are informed and believe and thereon allege that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY AND COUNTY OF SAN FRANCISCO.

42.     Plaintiffs are further informed and believe and upon such information and belief allege that Plaintiffs' damages and injuries were caused by customs, policies, patterns or practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY AND COUNTY OF SAN FRANCISCO, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendants, and DOES 1-50, and/or each of them.

43.     The aforementioned customs, policies or practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY AND COUNTY OF SAN FRANCISCO, and each of them, resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

a.     The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

b.     The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution;

c.     The right to equal protection of the laws, as guaranteed by the Fourteenth

1    Amendment to the United States Constitution;  and/or,

2    44.    Said rights are substantive guarantees under the Fourth and/or Fourteenth

3    Amendments to the United States Constitution.

4    WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

5
6    **FIFTH CAUSE OF ACTION**
     **(Wrongful Death)**
7    **(C.C.P. §377.60 and 377.61)**
     (All Plaintiffs as Co-Successors-in-Interest to Decedent Luis Demetrio Góngora Pat v. Defendants Seger,
     Mellone and Does 1-25)

8    45.    Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 44 of

9    this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous,

10   wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive

11   damages.

12   46.    Defendants and DOES 1-25 inclusive, by and through their respective agents and

13   employees, proximately caused the death of Decedent Luis Demetrio Góngora Pat as a result of

14   their negligent conduct and/or negligent failure to act as set-forth herein.

15   47.    As an actual and proximate result of said defendants' negligence, and the death of

16   decedent, Plaintiffs have sustained pecuniary loss along with the loss of comfort, society, and

17   services of their son in an amount according to proof at trial.

18   48.    As a further actual and proximate result of said defendants' negligence, Plaintiffs

19   incurred funeral and burial expenses, in an amount according to proof at trial.

20   49.    Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiffs have brought

21   this action, and claims damages against said defendants for the wrongful death of decedent, and

22   the resulting injuries.

23   50.    Plaintiffs contend that the City and County of San Francisco is liable for all state

24   law causes of actions, under the theory of Respondeat Superior, wherein damages occurred while

25   City and County of San Francisco employees were engaged in the performance of their job

     duties.

     WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**

**(Violation of CALIFORNIA CIVIL CODE §52.1)**
(All Plaintiffs as Co-Successors-in-Interest to Decedent Luis Demetrio Góngora Pat v.
Defendants Seger, Mellone and Does 1-25)

51.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 50 of this Complaint.

52.     Defendants and DOES 1-25's above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Decedent Luis Demetrio Góngora Pat's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

53.     Plaintiffs contend that the City and County of San Francisco is liable for all state law causes of actions, under the theory of Respondeat Superior, wherein damages occurred while City and County of San Francisco employees were engaged in the performance of their job duties.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
(Negligence)
(All Plaintiffs as Co-Successors-in-Interest to Decedent Luis Demetrio Góngora Pat v.
Defendants Seger, Mellone and Does 1-25)

54.     Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 53 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

55.     Defendants and DOES 1-25 inclusive, by and through their respective agents and employees, caused the injuries to Luis Demetrio Góngora Pat as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

56.     As an actual and proximate result of said defendants' negligence, Plaintiffs sustained pecuniary loss and pain and suffering, in an amount according to proof at trial.

57.     Plaintiffs contend that the City and County of San Francisco is liable for all state law causes of actions, under the theory of Respondeat Superior, wherein damages occurred while City and County of San Francisco employees were engaged in the performance of their job duties.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**EIGHTH CAUSE OF ACTION**
**(Battery)**

(All Plaintiffs as Co-Successors-in-Interest to Decedent Luis Demetrio Góngora Pat v. Defendants Seger, Mellone and Does 1-25)

58.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 57 of this complaint.

59.     Defendants' above-described conduct constituted a battery.

60.     Plaintiffs contend that the City and County of San Francisco is liable for all state law causes of actions, under the theory of Respondeat Superior, wherein damages occurred while City and County of San Francisco employees were engaged in the performance of their job duties.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**JURY DEMAND**

61. Plaintiffs hereby demand a jury trial in this action.

**PRAYER**

WHEREFORE, Plaintiffs pray for relief, as follows:

1.     For general damages in a sum to be proven at trial;

2.     For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.      For punitive damages against the individually named Defendant Officers in a sum according to proof;

4.      For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and § 794 (a);

5.      Any and all permissible statutory damages;

6.      For cost of suit herein incurred; and

7.      For such other and further relief as the Court deems just and proper.

Dated:  October 6, 2016                    **Law Offices of John L. Burris**

                                           **   /s/  John L. Burris          **
                                           John L. Burris
                                           Attorneys for Plaintiffs