DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Deputy
SEAN F. CONNOLLY, State Bar #152235
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3863
Facsimile:     (415) 554-3837
E-Mail:         sean.connolly@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
OFFICER MICHAEL MELLONE, AND
SGT. NATE STEGER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PILELIA DEL CARMEN MAY CAN, an individual, ROSANA GUADALUPE GONGORA MAY, an individual, LUIS RODOLFO GONGORA MAY, an individual, ANGEL DE JESUS MAY, an individual, as individuals and co-successors-in-interest to Decedent LUIS DEMETRIO GONGORA PAT,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; MICHAEL MELLONE, individually and in his capacity as a City of San Francisco Police Officer; NATE STEGER, individually and in his capacity as a City of San Francisco Police Sergeant; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 16-cv-05771 DMR<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

Defendant City and County of San Francisco ("Defendant") hereby responds to plaintiffs' Complaint ("Complaint").

**INTRODUCTION**

1.   With respect to the allegations contained in this paragraph, defendant responds as follows:  Defendant denies the truth of this paragraph.  Plaintiff's allegations misrepresents the known facts.  The incident giving rise to this lawsuit began when police were summoned by a homeless outreach worker to investigate a man who was brandishing a "large kitchen knife"[1] in an "intimidating" manner and appeared to be in "altered" state of mind.  Police responded and approached decedent Gongora who fit the description of the suspect, and was armed with a large knife. Initially, Gongora appeared to comply with officers' orders to drop the knife, but as officers approached him, Gongora abruptly grabbed the knife and lunged directly at one of the two responding officers.  Witnesses and the surveillance video corroborate the officers' actions.  Plaintiff's allegations that videotape and witness statements contradict the officers is misleading and inaccurate. Furthermore, Gongora was under the influence of methamphetamine and other drugs at the time of the incident, which tends to explain his erratic behavior.

---

[1] A photograph of the knife recovered at the incident is depicted.



## JURISDICTION

2. Defendant denies that plaintiffs have a lawful action. Defendant denies committing any violation of any law and on that basis denies any allegation of liability contained in this paragraph. Jurisdiction and venue appear to be proper.

## PARTIES

3. With respect to the allegations contained in this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendant denies the allegations.

4. With respect to the allegations contained in this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendant denies the allegations.

5. With respect to the allegations contained in this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendant denies the allegations.

     6.    With respect to the allegations contained in this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendant denies the allegations.

     7.    With respect to the allegations contained in this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendant denies the allegations.

     8.    Defendant admits the truth of this paragraph.

     9.    Defendant admits the truth of this paragraph.

     10.    Defendant admits the truth of this paragraph.

     11.    With respect to the allegations contained in this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendant denies the allegations.  Defendant denies any allegation of liability contained in this paragraph.

     12.    Defendant admits that the individual officers acted within the course and scope of their authority as police officers and employees of the San Francisco Police Department.  Defendant denies that the individual officers exceeded the authority vested in them as police officers under the United States Constitution, California Constitution, and as employees of the City.

     13.    Defendant admits that the individual officers acted within the course and scope of their authority as police officers and employees of the San Francisco Police Department.  Defendant denies that the individual officers exceeded the authority vested in them as police officers under the United States Constitution, California Constitution, and as employees of the City.

     14.    Defendant does not understand the allegations in this paragraph, and thus lacks information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendant denies the allegations.

     15.    With respect to the allegations contained in this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendant denies the allegations.

Deft's Answer to Complaint       4       n:\lit\li2016\161073\01144588.docx
Can, et al. v. CCSF, et al., No. 16-05771 DMR

# STATEMENT OF FACTS

16. With respect to the allegations contained in this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendant denies the allegations.

17. With respect to the allegations set forth in this paragraph, defendant denies the allegations, except for the fact that Mr. Gongora was armed with a large knife. Mr. Gongora posed a threat to officers and others at the time of the incident.

18. With respect to the allegations contained in this paragraph concerning what language Mr. Gongora spoke or understood, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendant denies the allegations. As to the remaining allegations in this paragraph, they are inaccurate, and for that reason defendants deny the remaining them, except for the allegation that officers repeatedly ordered Gongora to drop the knife.

19. With respect to the allegations contained in this paragraph, defendants deny the allegations. Plaintiff's factual allegations misrepresent the known facts. As officers were approaching Gongora, he abruptly reached for the knife and ran toward one of the two responding offices. Video surveillance corroborates that both officers were back peddling away from Gongora at the time Gongora lunged toward the officer. The officers' response to the incident was within training and policy and was justified by well-established applicable legal parameters.

20. With respect to the allegations contained in this paragraph defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendant denies the allegations.

21. With respect to the allegations contained in this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendant denies the allegations. Plaintiff's statement and innuendo about the third officer is completely misleading and lacks any foundation.

# DAMAGES

22. With respect to the allegations set forth in this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendant denies the allegations.

23. With respect to the allegations set forth in this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendant denies the allegations.

24. With respect to the allegations set forth in this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendant denies the allegations.

25. Defendant denies any and all allegations contained in this paragraph.

# FIRST CAUSE OF ACTION

**Fourth Amendment-Unlawful Seizure Under 42 U.S.C. Section 1983)**
**(All Plaintiffs as Co-Successors-In-Interest to Decedent Luis Demetrio Gongora Pat**
**v. Defendants Steger, Mellone and does 1-25)**

26. Defendant hereby incorporates by reference all previous responses as if set forth in full.

27. Defendant denies any and all allegations contained in this paragraph.

28. With respect to the allegations set forth in this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendant denies the allegations.

# SECOND CAUSE OF ACTION

**(Fourth Amendment-Excessive Force under 42 U.S.C. Section 1983)**
**(All Plaintiffs as Co-Successors-In-Interest to Decedent Luis Demetrio Gongora Pat**
**v. Defendants Steger, Mellone and Does 1-25)**

29. Defendant hereby incorporates by reference all previous responses as if set forth in full.

30. Defendant denies any and all allegations contained in this paragraph.

31. Defendant denies any and all allegations contained in this paragraph.

### THIRD CAUSE OF ACTION

**(Fourteenth Amendment-Violations of Plaintiffs' Right to Familial Relationship under 42 U.S.C. Section 1983)**
**(All Plaintiffs as individuals v. Defendants Steger, Mellone and Does 1-25)**

32. Defendant hereby incorporates by reference all previous responses as if set forth in full.

33. Defendant denies any and all allegations contained in this paragraph.

### FOURTH CAUSE OF ACTION

**(Municipal Liability for Unconstitutional Custom or Policy (Monell)- 42 U.S.C. Section 1983)**
**(All Plaintiffs as Co-Successors-In-Interest to Decedent Luis Demetrio Gongora Pat v. Defendants City and County of San Francisco)**

34. Defendant hereby incorporates by reference all previous responses as if set forth in full.

35. Defendant denies any and all allegations contained in this paragraph.

36. Defendant denies any and all allegations contained in this paragraph.

37. Defendant denies any and all allegations contained in this paragraph.

38. Defendant denies any and all allegations contained in this paragraph.

39. Defendant denies any and all allegations contained in this paragraph.

40. Defendant denies any and all allegations contained in this paragraph.

41. Defendant denies any and all allegations contained in this paragraph.

42. Defendant denies any and all allegations contained in this paragraph.

43. Defendant denies any and all allegations contained in this paragraph.

44. Defendant denies any and all allegations contained in this paragraph.

45. Defendant denies any and all allegations contained in this paragraph.

### FIFTH CAUSE OF ACTION

**(Wrongful Death)**
**(All Plaintiffs as Co-Successors-In-Interest to Decedent Luis Demetrio Gongora Pat v. Defendants Steger, Mellone and Does 1-25)**

46. Defendant hereby incorporates by reference all previous responses as if set forth in full.

47. Defendant denies any and all allegations contained in this paragraph.

48. Defendant denies any and all allegations contained in this paragraph.

49. Defendant denies any and all allegations contained in this paragraph.

50. Defendant denies any and all allegations contained in this paragraph.

51. Defendant denies any and all allegations contained in this paragraph.

## SIXTH CAUSE OF ACTION

**(Violation of CALIFORNIA CIVIL CODE §52.1)**
**(All Plaintiffs as Co-Successors-In-Interest to Decedent Luis Demetrio Gongora Pat v. Defendants Steger, Mellone and Does 1-25)**

52. Defendant hereby incorporates by reference all previous responses as if set forth in full.

53. Defendant denies any and all allegations contained in this paragraph.

54. Defendant denies any and all allegations contained in this paragraph.

## SEVENTH CAUSE OF ACTION

**(Negligence)**
**(All Plaintiffs as Co-Successors-In-Interest to Decedent Luis Demetrio Gongora Pat v. Defendants Steger, Mellone and Does 1-25)**

55. Defendant hereby incorporates by reference all previous responses as if set forth in full.

56. Defendant denies any and all allegations contained in this paragraph.

57. Defendant denies any and all allegations contained in this paragraph.

58. Defendant denies any and all allegations contained in this paragraph.

## EIGHTH CAUSE OF ACTION

**(Battery)**
**(All Plaintiffs as Co-Successors-In-Interest to Decedent Luis Demetrio Gongora Pat v. Defendants Steger, Mellone and Does 1-25)**

59. Defendant hereby incorporates by reference all previous responses as if set forth in full.

60. Defendant denies any and all allegations contained in this paragraph.

61. Defendant denies any and all allegations contained in this paragraph.

## JURY DEMAND

62. Defendant joins in plaintiffs' request for a jury trial.

## PRAYER

Responding to the allegations in plaintiffs' prayer of the Complaint, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations in those paragraphs, and, on that basis, defendant denies the allegations.

Deft's Answer to Complaint
Can, et al. v. CCSF, et al., No. 16-05771 DMR
8
n:\lit\li2016\161073\01144588.docx

Defendant further denies any allegation inadvertently unaddressed, and any and all prayer for damages.

## SEPARATE AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiffs fail to state facts sufficient to constitute a cause of action against any defendant.

### SECOND AFFIRMATIVE DEFENSE

(Assumption of Risk - Peril)

Defendant alleges that decedent realized and appreciated the alleged danger which presented itself at the time of the happening of the event set forth in the Complaint herein; that decedent, voluntarily placed himself in a position of peril, and that the loss or damage, if any, sustained by plaintiffs was caused by said risks which were accepted and voluntarily assumed by decedent, when engaging in said activity.

### THIRD AFFIRMATIVE DEFENSE

(Assumption of the Risk)

Defendant alleges that decedent had full knowledge of the risks involved in the activity in which he was engaged at the time of the incident set forth in the Complaint herein; that decedent voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said Complaint; and that the loss or damage, if any, sustained by the plaintiffs was caused by said risks that were accepted and voluntarily assumed by decedent.

### FOURTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Defendant alleges that the Complaint and each and every cause of action therein is barred because plaintiffs/decedent failed to use reasonable diligence to mitigate damages allegedly sustained by them, and said failure bars or reduces the recovery, if any, from defendant.

**FIFTH AFFIRMATIVE DEFENSE**

(Defendant's Act Not a Proximate Cause)

Defendant states that any act or omission on the part of the answering defendant, its agents or employees, was not the proximate cause of plaintiffs' injury.

**SIXTH AFFIRMATIVE DEFENSE**

(Denial of Damages)

Defendant denies that plaintiffs have been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of any defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

(Immunity)

Defendant alleges the provisions of the California Tort Claims Act of the California Government Code (Government Code §810 *et seq.*) as a measure of the duty of the City and County of San Francisco and its employees.

**EIGHTH AFFIRMATIVE DEFENSE**

(Immunity)

Defendant claims the immunities under the applicable provisions of the California Government Code, including without limitation sections 820.8, 830-835.4.

**NINTH AFFIRMATIVE DEFENSE**

(Barred by Tort Claims Act and Failure to file Claim)

Defendant alleges that to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, the Complaint is barred by the following provisions of the California Tort Claims Act: Government Code sections: 815; 815(b); 815.2(b); 815.4; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.8; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.8; 850; 80.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 956.4.

**TENTH AFFIRMATIVE DEFENSE**

(Good Faith)

Defendant alleges that the employees, officials and agents of defendant were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that plaintiffs may have is barred by law.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Frivolous Action)

Plaintiffs' maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling defendant to sanctions and appropriate remedies (including without limitation attorney's fees) against plaintiffs.

**TWELFTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

The Complaint and each cause of action therein are barred by the doctrine of unclean hands.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Proper Conduct)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that at all times and places mentioned in the Complaint, defendant acted without malice and with a good faith belief in the propriety of its conduct.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Acting in Good Faith)

As a separate and affirmative defense to the Complaint and to each and every allegation set forth therein, defendant alleges that at all times mentioned in the Complaint, defendant performed and discharged in good faith each and every obligation, if any, owed to plaintiffs.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Privilege)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that its conduct at all times material herein was privileged and/or justified under applicable state and Federal law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Immunities)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant asserts the various immunities conferred upon it pursuant to the California Government Code, and other applicable provisions of law including, but not limited to, those contained in Division 3.6 of Title 1 of the California Government Code.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Public Liability Act)

Defendant alleges the provisions of the Public Liability Act of the California Government Code as the sole and exclusive measure of defendant's duties and liabilities in this action.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Immunity:  Exemplary Damages)

Defendant alleges that San Francisco, as a public entity, is immune from liability for exemplary damages herein pursuant to Section 818 of the California Government Code.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Decedent's Conduct Reckless and Wanton)

Defendant alleges that at all times mentioned in plaintiffs' Complaint herein, decedent acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the Complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiffs; that as a consequence, plaintiffs' claims are barred.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Discretionary Act Immunity)

Defendant alleges that the act or omissions which plaintiffs claim give rise to liability in this case were within the discretion of San Francisco employees acting within the course and scope of their employment and, as a result, plaintiffs' claims are barred by the discretionary act immunity contained in California Government Code section 820.2 and its related provisions.

Deft's Answer to Complaint
Can, et al. v. CCSF, et al., No. 16-05771 DMR
12
n:\lit\li2016\161073\01144588.docx

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Privilege)

Defendant alleges that if any force was used by defendant against the decedent herein, said use of force was the lawful exercise of the right of self-defense and defense of the public and privileged by law, and any recovery pursuant to said use of force is barred.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Justified Use of Force)

The Complaint and each cause of action therein is barred because the use of force against the decedent by the employees of defendant, if any, was privileged and justified.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Comparative Negligence)

Defendant alleges by way of a plea of comparative negligence that decedent was negligent in and about the matters and activities alleged in the Complaint; that decedent's negligence contributed to and was a proximate cause of decedent and/or plaintiffs' alleged injuries and damages, if any, or was the sole cause thereof; and that if plaintiffs are entitled to recover damages against defendant by virtue of the Complaint, defendant prays that the recovery be diminished or extinguished by reason of the negligence of the decedent in proportion to the degree of fault attributable to the decedent.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Arrest)

Defendant alleges that if any force was used to effect the arrest of the decedent herein by the Doe defendants, such force was authorized and privileged pursuant to Sections 835 and 835a of the California Penal Code and as a proximate result thereof, plaintiffs are barred from any recovery herein for any alleged injury or damage if any there were.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Resisting Arrest)

Defendant alleges that decedent was under a duty pursuant to Section 834a of the California Penal Code to refrain from using force or a weapon to resist his arrest; that decedent breached his duty even though he knew or by the exercise of reasonable care should have known that he was being

arrested by a peace officer; that as a direct and proximate result of decedent's breach of this duty plaintiffs are barred from recovery for any loss or damage plaintiffs may have incurred, if any there be.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Plaintiffs/Decedent Assaulted Police)

Defendant alleges that at all times mentioned in plaintiffs' Complaint herein, decedent willfully, wantonly, maliciously, and unlawfully committed a violent assault on the persons of the arresting officers; that it became and was necessary to use force on the person of the decedent to defend said arresting officers from said violent assault on their persons; that the injuries, if any, and damages, if any, incurred by plaintiffs were proximately caused by the necessary use of said reasonable force on the person of decedent and not otherwise; and that by reason of decedent instituting said vicious and violent assault on the persons of said arresting officers, decedent's failure and refusal to desist from continuing said assault, and the consequent necessity to use reasonable force to defend said arresting officers from said assault, plaintiffs' claim, if any, is barred by law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Prevent Injury/Escape)

Defendant alleges that no more force was used on decedent's person than was necessary to effect detention, overcome any resistance thereto, prevent escape there from, and prevent injury to the officers and the public and to facilitate and safeguard a valid police investigation.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Qualified Immunity)

Defendant alleges that this lawsuit is barred, in whole or in part, by the doctrine of qualified immunity.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Immunity from Injury Caused by Person Resisting Arrest)

Defendant alleges that, pursuant to California Government Code section 845.8, defendant is immune from liability as a matter of law for injury caused to plaintiffs by a person resisting arrest.

### THIRTIETH AFFIRMATIVE DEFENSE

(Failure to State Relief Under 42 U.S.C. 1983)

Defendant alleges that plaintiffs have failed to allege facts in the Complaint sufficient to state a claim for relief under 42 U.S.C. 1983 against defendant, its agents, employees and particularly its police officers.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(City and County of San Francisco Not a Proper Party)

Defendant alleges that plaintiffs have failed to allege sufficient, specific facts against defendant, a public entity, to state a claim for relief under 42 U.S.C. §§ 1983 or 1985.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(Mutual Combat)

Defendant alleges that decedent had full knowledge of the risks involved in the mutual combat activity in which he engaged and set forth in the Complaint herein; that decedent voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said Complaint, and that the loss or damage, if any, sustained by plaintiffs were caused by said risks, which were accepted and voluntarily assumed by decedent when he engaged in said activity.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(Self Defense)

Defendant alleges by way of a plea of self-defense that defendant employees honestly and reasonably believed that decedent was about to inflict harm upon them and that the use of force, if any, was done reasonably and in self-defense.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(No Breach of Duty)

Defendant further alleges that they are not liable for any cause of action based in negligence, as they have breached no duty of care owed to plaintiffs.

### ADDITIONAL AFFIRMATIVE DEFENSES

1. Defendant presently has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendant reserves

the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing from Defendant;
2. That the Complaint against Defendant be dismissed with prejudice;
3. That Defendant recover its costs of suit herein, including attorneys' fees; and
4. For such other relief as is just and proper.

Defendant respectfully demands a jury trial.

Dated:  December 7, 2016

                    DENNIS J. HERRERA
                    City Attorney
                    CHERYL ADAMS
                    Chief Trial Deputy
                    SEAN F. CONNOLLY
                    Deputy City Attorney


By: */s/ Sean F. Connolly*
      SEAN F. CONNOLLY

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
MICHAEL MELLONE, AND NATE STEGER