1  JOHN L. BURRIS, Esq. SBN 69888
   ADANTÉ D. POINTER Esq. SBN 236229
2  DEWITT M. LACY, Esq. SBN 258789
   MELISSA C. NOLD, Esq. SBN 301378
3  **LAW OFFICES OF JOHN L. BURRIS**
   Airport Corporate Centre
4  7677 Oakport Street, Suite 1120
   Oakland, California 94621
5  Telephone:  (510) 839-5200
   Facsimile:   (510) 839-3882
6  john.burris@johnburrislaw.com
   adante.pointer@johnburrislaw.com
7  dewitt.lacy@johnburrislaw.com
   melissa.nold@johnburrislaw.com
8
9  Attorneys for Plaintiffs
10
11 DENNIS J. HERRERA, State Bar #139669
   City Attorney
12 SEAN F. CONNOLLY, State Bar #152235
   Deputy City Attorney
13 Fox Plaza
   1390 Market Street, Sixth Floor
14 San Francisco, California 94102-5408
   Telephone:     (415) 554-3863
15 Facsimile:     (415) 554-3837
   Email:        sean.connolly@sfgov.org
16
17 Attorneys for Defendants
18
19                 UNITED STATES DISTRICT COURT
20            FOR THE NORTHERN DISTRICT OF CALIFORNIA
21
22 FIDELIA DEL CARMEN MAY CAN, an      | CASE NO.:  3:16-cv-05771
   individual, ROSANA GUADALUPE
23 GONGORA MAY, an individual, LUIS    | **JOINT INITIAL CASE MANAGEMENT**
   RODOLFO GONGORA MAY, an individual, | **CONFERENCE STATEMENT**
24 ANGEL DE JESUS MAY, an individual, as
   individuals and co-successors-in-interest to
25 Decedent LUIS DEMETRIO GONGORA PAT,
26                 Plaintiffs,
27

**The Law Offices of John L. Burris**

7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200

1  v.

2

3  CITY AND COUNTY OF SAN FRANCISCO,
   a municipal corporation; MICHAEL

4  MELLONE, individually and in his capacity as
   a City of San Francisco Police Officer; NATE

5  STEGER, individually and in his capacity as a
   City of San Francisco Police Sergeant; and

6  DOES 1-50, inclusive.
                          Defendants.

7

## 1. JURISDICTION AND SERVICE

8

9        This action arises under Title 42 of the United States Code § 1983.  Jurisdiction is

10  conferred pursuant to Title 28 of the United States Code §§1331 and 1343.  Jurisdiction and

11  venue are not in dispute.

## 2. FACTS

12

13  Plaintiffs' Statement:

14        On April 8, 2016, at approximately 10:00 a.m., Decedent Luis Góngora Pat was sitting on the

    ground, on the 400 block of Shotwell Street, in San Francisco, California.

15        City of San Francisco Police Sgt. Nate Steger, Officer Michael Mellone and a third yet-to-

16  be-identifed Officer arrived on the 400 block of Shotwell after someone reported a man with a

17  knife. The three Officers parked their cars in the middle of the street and rapidly approached Mr.

18  Góngora, who was sitting on the ground, by himself, leaning against the exterior wall of a

    building and minding his own business. There were no civilians in Mr. Góngora's  vicinity and

19  Mr. Góngora was not threatening or harming anyone. While Mr. Góngora is reported to have had

20  a knife on his person for safety reasons; as is common among the homeless population, he was

21  not wanted for any crime and was not a threat to himself or anyone else.

22        Mr. Góngora spoke Mayan and only understood a limited amount of English and Spanish.

23  Despite the Officers' claims they gave Mr. Góngora orders to "get on the ground" in both

24  English and Spanish, on the video tape capturing the incident, the Officers can ony be heard

    giving orders in English. Witnesses recount Mr. Góngora remained crouched down on the

25  ground with his head down, cowering in fear, unable to understand what the Officers were

26  shouting.

27

The Officers quickly closed in on Mr. Góngora, abandoning all recommended de-escalation tactics and failing to maintain adequate distance and space to properly assess the situation and avoid unnecessary force. While Mr. Góngora was sitting on the ground, one of the Officers came up to him and began rapidly discharging a rubber projectile shotgun, striking Mr. Góngora multiple times in the side and back area. After the officers began using force against Mr. Góngora they did not provide any additional commands or give Mr. Góngora the opportunity to comply with their initial orders. Mr. Góngora was injured from multiple rubber projectiles and tried to move away from his attacker, when a second officer began to shoot him with live ammunition. The two Officers were simultaneously pelting Mr. Góngora with lethal and non-lethal rounds from both sides, as he attempted to escape with his lfe.

The Officer who initially started shooting Mr. Góngora with rubber bullets transitioned to his handgun and began shooting the wounded man with live rounds. In a shocking visual image, the officer can be seen shooting down at the wounded man, with a handgun in one hand and a shotgun in the other, in a scene that is reminiscent of a gangster movie. The double fisted shooter can be seen on video shooting down at Mr. Góngora, who received bullet wounds to the top of his head and another down into his back, in addition to gunshots to both arms and his abdomen.

In less than 30 seconds of arriving on scene, Mr. Góngora had been hit with five (5) rubber projectiles and six (6) live rounds. Tellingly, a third officer was present on scene and did not even unholster his weapon or engage in any force whatsoever. Mr. Góngora died as a result of multiple gunshot wounds, leaving behind three adult children, a wife and an outraged community.

Defendants' Statement:

The incident giving rise to this lawsuit occurred on April 7, 2016, at about 10:00AM, near the 400 block of Shotwell Street, in the Mission District, of San Francisco and began when police were summoned by a homeless outreach worker who reported that a man was brandishing a "large kitchen knife" in an "intimidating" manner and appeared to be in an "altered" state of mind. Police responded and approached Luis Gongora, who matched the description in the call, who was pointed out to the officers by an outreach worker, and who was armed with a large knife. Initially, Gongora appeared to comply with officers' orders to drop the knife, but as

**The Law Offices of John L. Burris**
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200

officers approached him, Gongora picked up the knife, and then abruptly and without warning lunged directly at one of the two responding officers who was standing only a few feet away. The incident happened very quickly.  Given the size of the knife, the proximity of the officers to Gongora, and the fact that Gongora charged at an officer with the knife in an offensive position, the officers had few options.  Gongora posed an immediate lethal threat to officers and possibly others at the time force was used by the officers.

Contrary to what plaintiffs suggest, the officers were not standing immediately adjacent to one another at the time lethal force was used, but were, rather, several feet apart with different perspectives of Gongora.  Witnesses and the surveillance video corroborate the officers' actions. Plaintiffs' allegations that videotape and witness statements contradict the officers is inaccurate. To the contrary, videotape and witness statements corroborate and justify the officers' actions. Furthermore, it would be later determined that Gongora was under the influence of methamphetamine and other drugs at the time of the incident, which may explain his erratic behavior.

## 3.  LEGAL ISSUES

Plaintiffs' Statement:

- Whether defendants were deliberatively indifferent under the Fourteenth Amendment;

- Whether defendants used excessive force under the Fourth Amendment;

- Whether defendants are entitled to qualified immunity;

- Whether defendants committed any tort upon the plaintiff;

- Whether governmental immunities apply;

- Whether there is a custom or practice using deadly force by the City and County of San Francisco (*Monell*) that caused any constitutional violation.

- Whether the San Francisco Police Department has an unconstitutional custom and practice of ratifying unlawful deadly force by its officers

The Law Offices of John L. Burris
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200

JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT      3:16-cv-05771

- • Whether the San Francisco Police Department has a unconstitutional practice of failing to train officers when confronting persons with "edge weapons/knives"

- • Whether the San Francisco Police Department adequately trained its Officers to respond to a person with experiencing a mental deficiency

Defendants' Statement of Legal Issues:

Defendants anticipate numerous legal issues arising in the course of this litigation consistent with plaintiff's statement of legal issues.

The officers' actions were well within the settled parameters regarding the use of lethal force by police officers as spelled out by the United States Supreme Court, including *Tennessee v. Garner*, 471 U.S. 1 (1985) and *Graham v Connor*, 490 U.S. 386 (1989), and the Ninth Circuit Court of Appeals, including *Blanford v Sacramento County*, 406 F. 3d 1110 (9th Cir. 2005). Police officers need not use the least intrusive form of force when dealing with an armed suspect who poses a threat to the public or police officers. Police officers need not wait until they or a member of the public are assaulted before using lethal force to effect an arrest. When a suspect refuses to disarm, refuses to surrender peacefully, and poses a serious threat of safety, officers may use such force as is necessary to protect the public and themselves and to effect the arrest.

## 4. MOTIONS/ PROCEDURAL HISTORY

Plaintiffs' Statement: There are no pending motions.

Defendants' Statement: Defendants anticipate bringing a motion to bifurcate *Monell* claims and a dispositive motion based on the fact that there was no constitutional violation involved in the officers' actions, or alternatively, that they are not liable based on the doctrine of qualified immunity.

## 5. AMENDMENT OF PLEADINGS

Plaintiff's Statement: Plaintiff anticipates the amendment of pleadings in order to Plaintiff anticipate amending the complaint to set forth with more detail all claims and expand

JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT    3:16-cv-05771

**The Law Offices of John L. Burris**
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200

Monel claims regarding training and ratification. In addition, Plaintiffs anticipate potentially adding additional Defendants.

Defendants' Statement:  Defendants are not aware of any factual basis to further amend the pleadings and request Rule 15 be followed for any future amendments.

## 6.  EVIDENCE PRESERVATION

Plaintiffs' Statement: Plaintiffs have acted to preserve evidence.

Defendants' Statement: Defendants will attempt to preserve all known evidence.

## 7.  DISCLOSURES

Plaintiffs' Statement: Plaintiffs intend to produce their initial disclosures on or before the case management conference.

Defendants' Statement:        Defendants intend to make disclosures pursuant to Rule 26.

Defendants anticipate making initial disclosures as soon as the parties enter into a stipulated protective order.  Documents collected and generated in a homicide investigation are sensitive, confidential and subject to the official information privilege.  *County of Orange v. Superior Court*, 79 Cal. App. 4th 759 (2000).  Most of the documents to be produced are from this criminal investigation file, which is still an open investigation.

## 8.  DISCOVERY

Plaintiffs' Statement:  Plaintiffs intend to propound written discovery to prove up their claims. Plaintiffs intend to depose all named Defendants; percipient witnesses; and persons most knowledgeable regarding: use of force policy, use of force training, use of deadly force policy, use of deadly force training, de-escalation policies, and the officer involved shooting investigation. Plaintiffs will seek discovery of employment, training and internal affairs records for all Defendants. Plaintiff s seek necessary Monell discovery.

Defendants' Statement: Defendants will conduct discovery.  Defendants will oppose any effort by plaintiff to seek irrelevant information through discovery.  Defendants believe discovery limitations as outlined in Rule 26 (f), 33 and 34 are appropriate.  The parties will meet

The Law Offices of John L. Burris
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200

and confer regarding any issues of timing that may arise.

## 9.  CLASS ACTIONS

Not applicable.

## 10.  RELATED CASES

Not applicable

## 11.  RELIEF

Plaintiffs' Statement:

1.      For general damages according to proof;

2.      For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.      For punitive damages and exemplary damages in amounts to be determined according to proof as to each defendant;

4.      For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

5.      For cost of suit herein incurred; and

6.      For injunctive relief enjoining Defendant from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant from using excessive and unreasonable force against persons

For such other and further relief as the Court deems just and proper.

Defendants' Statement:

Defendants seek a judgment in favor of all defendants, statutory costs and fees, where warranted and applicable.

## 12.  SETTLEMENT AND ADR

The parties participated in an ADR conference, have an ADR phone conference scheduled for March 8, 2107, and anticipate requesting a mutually agreeable magistrate judge for settlement.  No settlement conferences are currently scheduled.

The Law Offices of John L. Burris
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200

The Law Offices of John L. Burris

7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200

### 13.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Defendant declined consent to a Magistrate Judge for purposes of trial.

### 14.  OTHER REFERENCES

<u>Plaintiff's Statement:</u> N/A

<u>Defendants' Statement:</u> N/A

### 15.  NARROWING OF ISSUES

The issues may be narrowed or disposed of by motions for summary judgment and/or adjudication.  The parties currently have no suggestions for expediting presentation of evidence at trial, but will reconsider that possibility after the case becomes more defined as it approaches trial.

### 16.  EXPEDITED TRIAL PROCEDURE

The parties do not believe an expedited schedule is appropriate.

### 17.  PROPOSED SCHEDULING

| | |
|---|---|
| Close of Fact Discovery: | May 4, 2018 |
| Deadline for Hearing Dispositive Motions: | June 15, 2018 |
| Expert Disclosure: | August 3, 2018 |
| Rebuttal Expert Disclosure: | August 24, 2018 |
| Close of Expert Discovery: | Sept. 21, 2018 |
| Pretrial conference: | October 1, 2018 |
| Trial: | **October 22, 2018** |

### 19.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff has not filed Certifications of Interested Entities or Persons under Civil Local Rule 3-16.  Each such party hereby restates that as of this date, other than the named parties,

JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT       3:16-cv-05771

there is no such interest to report.  By the terms of Rule 3-16, the City and County of San Francisco is exempt from the certification requirement.

### 20.  MISCELLANEOUS

None.

Dated:  March 6, 2017          **LAW OFFICES OF JOHN L. BURRIS**

By:  _/s/ Adante D. Pointer_
ADANTE D. POINTER
Attorney for Plaintiffs

Dated:  March 6, 2017          **SAN FRANCISCO CITY ATTORNEY'S OFFICE**

By:  _/s/  Sean F. Connolly_
SEAN F. CONNOLLY
Attorney for Defendants

**The Law Offices of John L. Burris**
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200